UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE KENNETH JONES-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1972 CEJ |
| | ) | |
| JENNIFER JOYCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eugene Jones-El (registration no. 180162), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $0.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged violation of the double jeopardy clause of the United States Constitution. Named as defendants are Jennifer Joyce (Prosecuting Attorney), Melissa Gillian (same), Robert H. Dierker, Jr. (Circuit Judge), Chris Koster (Missouri Attorney General), the Missouri Legislature, and

former Chief Justice of the Supreme Court of the United States, Warren E. Burger. The complaint seeks declaratory relief.

On July 3, 2001, a grand jury handed down a three-count indictment charging plaintiff with first-degree robbery, armed criminal action, and unlawful use of a weapon. The charges arose from a single event: a robbery in which a gun was used. Plaintiff was convicted of first-degree robbery and armed criminal action. State v. Jones, 22011-01939A-02 (City of St. Louis).

Plaintiff argues that the convictions of first-degree robbery and armed criminal action violate his right to be protected from double jeopardy. Defendants Joyce, Gillian, and Dierker were all involved in the prosecution of plaintiff's criminal case. Defendant Koster was not the Attorney General at the time plaintiff was prosecuted, and it is not clear why plaintiff named Koster as a defendant in this action. Plaintiff names the Missouri Legislature as defendant because it enacted the statutes under which he was convicted. Finally, plaintiff names former Chief Justice Burger as a defendant because he authored the opinion, Missouri v. Hunter, 459 U.S. 359 (1983), which held that a Missouri defendant's being sentenced for both first-degree robbery and armed criminal action did not violate double jeopardy. Id. at 368.[1]

**Discussion**

---

[1]Plaintiff says that he has based his arguments on Justices Marshall and Stevens's dissent in Hunter.

The complaint is legally frivolous. As plaintiff recognizes, the United States Supreme Court has held that Missouri's statutory scheme does not violate double jeopardy. Id. This holding has not been overruled. Second, a judgment in favor of plaintiff would necessarily invalidate his criminal conviction; thus, it is Heck-barred[2]. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir.1996) (indicating that, under Heck, court disregards form of relief sought and instead looks to essence of plaintiff's claims); Harvey v. Horan, 278 F.3d 370, 375 (4th Cir.2002) (Heck applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); Lawson v. Engleman, 2003 WL 21300347, at *1 n. 2 (10th Cir.2003) ( Heck applied to plaintiff's claims for monetary, declaratory, and injunctive relief; Heck should apply when the concerns underlying Heck exist). Therefore, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[2] Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **denied** as moot.

Dated this 30th day of December, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE